FRANK P. PFEIL, RESPONDENT, v. CHRISTIAN FEIGEN-
SPAN, INC., APPELLANT.

Submitted December 1, 1921—Decided April 13, 1922.

Plaintiff proved that he was informed by the defendant about the first of January, 1919, that his salary for the then ensuing year would be $4,400; and that at the end of the year he was informed by the defendant that his salary would remain at this sum for the year ending January 1st, 1921. *Held,* that his employment for the years 1919 and 1920 was by the year and not for an indefinite period.

---

On appeal from the Monmouth County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Newton H. Porter.*

For the respondent, *Kays R. Morgan.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Pfeil, the plaintiff below, brought this suit to recover an unpaid part of the salary which

he claimed to be due to him from the defendant corporation, covering the period from the 8th of July, 1920, to the 1st of January, 1921. The case was tried before the court without a jury and the following facts, among others, were found:

That the plaintiff went into the employ of the defendant as chief engineer in the year 1903 at an annual salary, payable monthly, and that he remained in its employ until the 8th of July, 1920, when he was discharged from his service without just cause; that on or about December 31st, in each year, it was the custom of the defendant to call the plaintiff into its office and inform him what his annual salary would be for the succeeding year; that in this manner the plaintiff was informed his salary for the year 1919 would be $4,400; and that he was further informed on January 31st, 1920, that his salary would remain at that sum for the year ending January 1st, 1921. On these facts the court found, as a matter of law, that the plaintiff was employed by the year, and that having been illegally discharged, without cause, was entitled to so much of his salary as would have accrued between July 8th, 1920, and January 1st, 1921.

The only ground upon which we are asked to reverse this judgment is that on the facts found no agreement as to the term of the employment is shown, the argument being that an agreement to pay salary at an annual rate does not constitute a contract of employment for a year. In the opinion delivered in this court in the case of *Beach* v. *Mullin*, 34 *N. J. L.* 343, it is said that although the reservation of wages payable monthly or weekly will not control the contract where the parties have expressly agreed for a specified term, as a year, yet if the payment of monthly or weekly wages is the only circumstance from which the duration of a contract is to be inferred it will be taken to be a hiring for a month or a week. The cited case has frequently been referred to with approval in our later decisions and is accepted as accurately stating the rule of law in a case like that now before us. So that if nothing else appeared in the findings of fact except the agreement to pay an annual salary, the law would justify the inference that the employment was by the year. But the plaint-

iff did not rest solely upon this inference which the law raises. He further proved, and the court found, that he was informed by the defendant about the 1st of January, 1919, that his salary for the then ensuing year would be $4,400; and that at the end of the year he was informed by it that his salary would remain at that sum for the year ending January 1st, 1921. From these findings it is plain that even if the original contract of hiring had been indefinite, so far as the term thereof was concerned, his employment for the years 1919 and 1920 was by the year, and not for an indeterminate period. *Passino* v. *Brady Brass Co.*, 83 *Id.* 419; *Jones* v. *Manhattan Horse Manure Co.*, 91 *Id.* 406; *Lyons* v. *Pease Piano Co.*, 92 *Id.* 592.

The judgment under review will be affirmed.